JOHNSON v. BERGER et al.

(Second Division. Nome. November 24, 1906.)

No. 1,611.

1. TENANCY IN COMMON (§ 28*)—MINES AND MINERALS.

Plaintiff and defendants were co-tenants in a leasehold estate in a placer mining claim. Defendants worked the claim under the lease, and made a profit, but did not exclude plaintiff from working. Plaintiff sued for an accounting of the profits. *Held*, that plaintiff co-tenant had the right to compel his other co-tenants in the leasehold estate to account to and pay him his proportion of the profits of operating the claim, though his equal right to mine the claim had not been denied by the operating co-tenants.

[Ed. Note.—For other cases, see Tenancy in Common, Dec. Dig. § 28.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

The complaint in the foregoing action states a cause of action, in brief, as follows: That on September 1, 1905, Jakey Berger and the plaintiff, Johnson, took a lease of the Franklin bench claim situate in the Cape Nome mining district, Alaska, on Dry creek, from Elise Lutter, lessor, by the terms of which the plaintiff and the defendant Berger acquired the right of possession of said claim, with the right to work and mine said claim and to extract gold and precious metals therefrom for the period of three years, the royalty payable to the lessor being 25 per cent. of the gold dust extracted therefrom; that about eight months after obtaining the lease the defendant Berger and the defendant John Sundback, to whom said Berger had assigned some interest unknown to the plaintiff in said lease, began to work and mine upon said claim, and continued so to work and mine until on or about September 15, 1906, a period of about 3 months and 15 days; that during said period the defendants extracted gold to the value of about the sum of $6,599; and that, after deducting from the gross amount the expense of extracting the gold dust and the royalty reserved in the lease, a large profit remains for division between the plaintiff and the two defendants, the exact amount being unknown to the plaintiff.

The complaint further alleges that defendants have refused to account to the plaintiff for his share of the net profits remaining in their hands. The relief prayed for is a true accounting between the plaintiff and defendants, and judgment for the amount found to be due the plaintiff upon such accounting.

J. K. Wood and A. J. Daly, for plaintiff.
T. M. Reed, for defendants.

MOORE, District Judge. Both demurrers attack the complaint on the one ground, that it does not state facts sufficient to constitute a cause of action against the defendants.

The demurrer of Sundback states two other grounds in its support; but the counsel at the argument announced that he would waive both of them and submit the third alone for the decision of the court.

The precise question involved in the proposition raised by the demurrer and submitted to the court is: Has the plaintiff the right to compel his co-tenants in the leasehold estate in a mining claim to account to him for the profits of mining and operating a mining claim, when the equal right of the plaintiff co-tenant to mine the claim has not been denied by the operating co-tenants?

The complaint does not charge the co-tenants who worked the claim with excluding the plaintiff from the possession of the claim, or with a denial of the plaintiff's right to mine the claim for himself. The complaint reveals no antagonism between the plaintiff and his fellow tenants while the mining operations were in progress. The plaintiff and Berger by virtue of the lease acquired an ownership in the mining claim for a term of years, subject to the right of the lessor to take 25 per cent. of the gold dust extracted from the claim by them during this term. Each of the lessees by virtue of the lease has an undivided estate in 75 per cent. of the gold within the claim during the term, and when the gold has been so extracted it is reasonable that each should have the one-half of 75 per cent. of the output of the claim, less the legitimate and reasonable expenses of extracting the gold. If one of such tenants in common of a term singly working the claim should receive more than his just proportion of the profits of the claim, it is equally reasonable as well as just that he should account for so much of the profits as he has received above his proper proportion.

In harmony with this view of the rights of the tenant who takes no part in the work of extracting the gold from the

common property, Civ. Code Alaska, § 62, contains this language:

"A tenant in common may maintain any proper action, or proceeding against his co-tenant for receiving more than his just proportion of the rents or profits of the estate owned by them in common, * * * and all persons having any undivided interest in real property are to be deemed and considered tenants in common."

This section gives relief to any tenant in common who has not received his just proportion of the rents and profits of the estate owned in common as against his co-tenant who has received more than his just proportion of the profits derived from the estate.

When analyzed, the section in express words defines a wrong which one co-tenant may suffer at the hands of another co-tenant, and provides a remedy for the redress of the wrong. The wrong, as stated in the terms of the statute, consists in one of two or more co-tenants receiving more than his just proportion of the profits of the estate owned by him and his co-tenant or co-tenants in common; the remedy provided for the co-tenant aggrieved by the wrong is "any proper action." It is inconceivable that the law should put in the aggrieved co-tenant's hand this remedy, unless it meant to confer upon him the right, which necessarily goes with the remedy, to have a share in the profits proportionate to the quantity of his interest in the land.

By the common law a co-tenant of a mining claim is given the right to mine and operate the claim subject to the right of the other co-tenants to use and mine the claim at the same time; but a co-tenant who does not exercise the right to use the claim in this manner is not invested with the power to call upon the working co-tenant for an accounting of the profits he may make in operating the claim.

The effect of this statute, then, is to enlarge the common-law rights of a co-tenant to an estate as against another co-

tenant, and to give him a remedy to enforce the new rights conferred. The statute directs that he may have "any proper remedy," by which is obviously meant any action suited to his situation and circumstances.

In view of the facts and circumstances set forth in the complaint, the equitable remedy pursued by the plaintiff is, in my opinion, the proper action. Giving to the common law and to the statute each its due force, I am brought to the conclusion that the plaintiff will be entitled to the accounting sought by him, if he shall establish the allegations of his complaint on the trial of the action.

The demurrers must accordingly be overruled.